```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

R. RADCLIFFE HASTINGS            :        CIVIL ACTION
                                 :
         v.                      :
                                 :
MICHAEL T. KENNEDY, et al.       :        NO. 14-1333
```

MEMORANDUM

Bartle, J.                                                July 8, 2014

        Plaintiff R. Radcliffe Hastings ("Hastings") brings this interpleader action pursuant to 28 U.S.C. § 1335 to determine the disposition of funds belonging to defendant Michael T. Kennedy ("Kennedy") and purportedly owed to Kennedy's creditors who are the remaining defendants in this action.

        Before the court are the motion of defendant Tennenbaum Capital Partners LLC ("Tennenbaum"), one of the alleged creditors, for a protective order against certain discovery sought by Kennedy, and the related motion of defendant Kennedy to compel that discovery of Tennenbaum.  Kennedy has propounded interrogatories, requests for production, and deposition notices upon Tennenbaum and certain non-parties seeking evidence of fraud which Kennedy maintains would invalidate Tennenbaum's judgment against his assets.  Tennenbaum seeks a protective order to prevent Kennedy from obtaining such discovery on the ground that it is irrelevant to the present action.

I.

This action and related events have a long and complex history.  According to the complaint, Hastings controls the books and records of five related entities:  Maverick Partners, LP ("MPLP"); Bobcat Partners, LP; Maverick Partners, Inc. ("MPI"); Radnor Investment Advisors, Inc.; and Radnor Investment Advisors, LP ("RIALP") (collectively, the "Hastings-Controlled Entities"). The Hastings-Controlled Entities are financially intertwined such that defendant Kennedy, through his ownership of a limited partnership interest in RIALP and his ownership of capital stock of MPI, has a financial interest in all five companies.  As a result of the recent sale of assets owned by MPLP, Kennedy is due certain moneys which Hastings is obligated to disburse.

The remaining defendants in this action are Deborah Kennedy, Kennedy's former wife; Tennenbaum; Penn Liberty Bank; and the Internal Revenue Service ("IRS").  These four defendants purport to be creditors of defendant Kennedy and stake a claim to the moneys owed to Kennedy by the Hastings-Controlled Entities.

Kennedy does not contest that certain of his creditors are entitled to the funds owed to him by the Hastings-Controlled Entities.  However, Kennedy asserts that Tennenbaum does not have a legitimate judgment against his assets and that the IRS lien is entitled to first priority.  As discussed below, Tennenbaum's lien results from a $10 million guaranty made by Kennedy of a loan made by Tennenbaum to Radnor Holdings Corporation ("Radnor")

which is in default.  Tennenbaum has obtained a judgment against Kennedy for this amount.

Prior litigation involving Kennedy and Tennenbaum is relevant to the pending motions.  Kennedy was the CEO and majority shareholder of Radnor.  Pursuant to a Credit Agreement dated December 1, 2005 (the "Credit Agreement"), Tennenbaum, as agent for several lenders, loaned Radnor $95 million.  On or about April 4, 2006, Tennenbaum made an additional loan to Radnor in the principal amount of $23.5 million, for a total of $118.5 million.  In connection with the second loan, Kennedy executed a Guaranty and Negative Pledge Agreement (the "Guaranty Agreement"), pursuant to which he personally guaranteed repayment of not more than $10 million of the principal amount of the second loan.  Following the issuance of the loans, Radnor retained Skadden Arps, Slate, Meagher & Flom LLP ("Skadden Arps") as counsel.  See Tennenbaum Capital Partners LLC v. Kennedy, 2009 U.S. Dist. LEXIS 72568, *2 (S.D.N.Y. Aug. 14, 2009).

Radnor defaulted on payment of both Tennenbaum loans.  On August 21, 2006, Radnor filed for Chapter 11 bankruptcy protection in the Bankruptcy Court for the District of Delaware.  In the course of the Chapter 11 proceedings, the Bankruptcy Court determined that Tennenbaum had an allowed secured claim of approximately $128.8 million and that the collateral securing the claim, consisting of substantially all of Radnor's assets, was valued at more than $132 million.  The Bankruptcy Court authorized Tennenbaum to credit bid "any or all" of the claim "at

any sale of property of [Radnor] that is subject to a lien that secures such Allowed Claim, and [to] offset any or all of such amounts against the purchase price of such property."

Tennenbaum formed TR Acquisitions Co., LLC ("TRAC"), an affiliate, to be the entity that would bid for and acquire the Radnor assets. The Bankruptcy Court held that the credit bid portion of TRAC's consideration for the sale was "a valid and proper offer pursuant to the Bid Procedures and Bankruptcy Code Sections 363(b) and 363(k)." On September 22, 2006, the Bankruptcy Court ruled that the total consideration bid by TRAC was "the highest and best offer received by Debtors" and approved the sale of Radnor's assets to TRAC under an Amended and Restated Asset Purchase Agreement (the "APA"). According to the APA, the "credit bid amount" offered as part of the aggregate consideration for the assets included the $95 million, which was the principal amount of the first loan, plus interest. The APA made no reference to the second loan, a part of which was personally guaranteed by Kennedy.

In 2009, Tennenbaum brought a breach of contract action against Kennedy in the United States District Court for the Southern District of New York. See Tennenbaum Capital Partners LLC v. Kennedy, 2009 U.S. Dist. LEXIS 72568 (S.D.N.Y. Aug. 14, 2009). Tennenbaum alleged that Kennedy failed to pay it $10 million owed under the Guaranty Agreement. Kennedy countered that the second Radnor loan was satisfied by the credit bid approved by the Bankruptcy Court. The District Court granted

summary judgment in favor of Tennenbaum.  It determined that the second Radnor loan had not been satisfied by the credit bid approved by the Bankruptcy Court and that Kennedy personally owed $10 million to Tennenbaum plus interest and attorney's fees.  The United States Court of Appeals for the Second Circuit affirmed the District Court on April 20, 2010.  It upheld the $10 million judgment against Kennedy.  The Court ruled that the credit bid related to the first loan had been "substantively and procedurally fair" and that summary judgment in Tennenbaum's favor was proper.  Tennenbaum Capital Partners LLC v. Kennedy, 372 F. App'x 180 (2d Cir. 2010).

In November, 2009, Tennenbaum registered its judgment against Kennedy in this court, the United States District Court for the Eastern District of Pennsylvania, and served writs of execution and garnishment interrogatories upon several entities, including Chartwell GP, Inc. ("Chartwell") and the Hastings-controlled entities.  Tennenbaum Capital Partners, LLC v. Michael T. Kennedy, Civ. Action No. 09-194.  Chartwell acknowledged that Kennedy owned 100 shares of its stock, constituting a 9.09% ownership interest in the company.  In March, 2010 this court granted a preliminary injunction to Tennenbaum, charging Kennedy's ownership interest in RIALP and Bobcat, two of the Hastings-Controlled entities, with the payment of any unsatisfied portion of the Tennenbaum judgment.  Tennenbaum later sought the garnishment of any moneys payable to Kennedy by Chartwell, and in March, 2012, despite Kennedy's allegations of impropriety related

to the Radnor bankruptcy, this court granted a second preliminary injunction in Tennenbaum's favor charging Kennedy's interest in Chartwell with the payment of any unsatisfied portion of the Tennenbaum judgment.

In March, 2012, the Bankruptcy Court for the District of Delaware held a hearing on the confirmation of the liquidation plan in the Radnor bankruptcy.  The court granted Kennedy an extension in order to hire "special counsel" to investigate certain matters that Kennedy claimed to have uncovered.  Kennedy did not file an objection by the end of the extension period, and on September 10, 2012 the Bankruptcy Court entered an order confirming the liquidation plan.  On December 26, 2012, Kennedy filed an objection to the Fee Application of Skadden Arps on the ground that Skadden Arps, Radnor's counsel, had breached its ethical duties to Radnor because several of its attorneys had a financial interest in Tennenbaum.

On May 1 and 2, 2013, the Bankruptcy Court held an evidentiary hearing on Kennedy's objection.  Giving no weight to Kennedy's testimony, the court found that Skadden Arps did not engage in any malpractice, breach of fiduciary duty, fraud, conspiracy, perjury, obstruction of justice or other willful misconduct in connection with the Radnor bankruptcy.  In re Radnor Holdings Corp., 2013 Bankr. LEXIS 2494 (No. 06-10894, Del. Bankr. June 20, 2013).

In sum, four different tribunals have made consistent findings over the course of six years affirming the sum owed by

Kennedy to Tennenbaum, notwithstanding Kennedy's various objections regarding the validity of the judgment against him.

## II.

Although Kennedy does not claim that he is personally entitled to any of the funds that must be disbursed by Hastings, he asserts that Tennenbaum does not have a legitimate judgment against his assets and that the IRS lien should be given first priority.  In order to establish that the Tennenbaum debt is invalid, Kennedy, as noted above, has served Tennenbaum and certain third parties with interrogatories, requests for production, and deposition subpoenas.  The discovery requests are as follows:  (1) Deposition of Michael E. Tennenbaum; (2) Deposition of Richard T. Prins; (3) Deposition of Gregory M. Galardi; (4) Deposition of Jose Feliciano; (5) Deposition of David A. Hollander; (6) Deposition of Amit Patel; (7) Deposition of Howard M. Levkowitz; (8) Deposition of Mark K. Holdsworth; (9) Deposition of Patricia Moran; (10) Requests for Production of Documents to Tennenbaum Capital Partners, LLC; (11) Interrogatories to Tennenbaum Capital Partners, LLC; (12) Requests for Production to Skadden Arps; (13) Interrogatories to Skadden Arps; (14) Requests for Production of Documents to Silver Point Partners, LP and Affiliates ("Silver Point"); and (15) Interrogatories to Silver Point.

Upon receipt of the foregoing discovery requests, Tennenbaum advised Kennedy that the information sought by the requests was irrelevant and that if the requests were not

withdrawn, Tennenbaum would seek a protective order. In response, Kennedy sent Tennenbaum slightly modified discovery requests, the substance of which remained the same. Unable to reach an accord, both of these parties filed the pending motions related to the discovery sought by Kennedy.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that the general scope of discovery includes "any nonprivileged matter that is relevant to any party's claim or defense." Relevant discovery "need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." While the scope of discovery is broad, "this right is not unlimited and may be circumscribed. In re Domestic Drywall Antitrust Ligit., 2014 U.S. Dist. LEXIS 67762, *5 (E.D. Pa. May 15, 2014).

Pursuant to Rule 26(c)(1),

> "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> (A) forbidding the disclosure or discovery; [and] (B) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters..."

In support of its motion for a protective order and in opposition to Kennedy's motion to compel, Tennenbaum argues that the information sought by Kennedy is beyond the allowable scope of discovery because it is irrelevant to the determination of the order of priority of the various liens against Kennedy's assets

-8-

in this interpleader action.  According to Tennenbaum, Kennedy is seeking to re-litigate an issue, that is, the validity of the Tennenbaum judgment against him, which has already been adjudicated by various courts.

Kennedy counters that his discovery requests are relevant because they are calculated to lead to evidence regarding fraud committed by Tennenbaum and Skadden Arps which would call Tennenbaum's lien on Kennedy's assets into question. Kennedy argues that the decisions of previous courts regarding Tennenbaum's judgment against Kennedy were made without knowledge of certain evidence of fraud that was uncovered in 2012 and 2013. Specifically Kennedy asserts that Skadden Arps and several of its attorneys have recently admitted to undisclosed conflicts of interest related to their equity interests in Tennenbaum.

Collateral estoppel bars relitigation of an issue "'where the identical issue necessarily [was] decided in the prior action and [is] decisive of the present action,' and 'the party to be precluded from relitigating the issue ... had a full and fair opportunity to contest the prior determination.'" Freedman v. Redstone, __ F.3d __, 2014 U.S. App. LEXIS 10072, *16-17 (3d Cir. 2014) (citing Kaufman v. Eli Lilly & Co., 65 N.Y.2d 449 (N.Y. 1985)).  The party, in this case Tennenbaum, "asserting that another party is collaterally estopped on a particular point has the burden of demonstrating that the issue on which he contends that other party is estopped was raised in the prior proceeding and was identical to the issue in the

-9-

present proceeding." Freedman, 2014 U.S. App. LEXIS 10072 at *17.

We agree with Tennenbaum that Kennedy is estopped from relitigating the validity of the Tennenbaum judgment. As noted previously, four courts have concluded that the judgment is valid. The District Court in New York determined that Kennedy personally owed $10 million to Tennenbaum, a finding which was later affirmed by the Court of Appeals for the Second Circuit. Tennenbaum Capital Partners LLC v. Kennedy, 2009 U.S. Dist. LEXIS 72568 (S.D.N.Y. Aug. 14, 2009); Tennenbaum Capital Partners LLC v. Kennedy, 372 F. App'x 180 (2d Cir. 2010). The Bankruptcy Court in Delaware subsequently concluded that Skadden Arps did not engage in any malpractice, breach of fiduciary duty, fraud, conspiracy, perjury, obstruction of justice or other willful misconduct in connection with the Radnor bankruptcy. In re Radnor Holdings Corp., 2013 Bankr. LEXIS 2494 (Del. Bankr. June 20, 2013). Finally, this court, in the execution of judgment action, charged Kennedy's partnership interests in the Hastings-Controlled Entities with the payment of any unsatisfied portion of the Tennenbaum judgment. Tennenbaum Capital Partners, LLC v. Kennedy, No. 09-194, 2012 U.S. Dist. LEXIS 30357 (E.D. Pa. Mar. 7, 2012); Tennenbaum Capital Partners, LLC v. Kennedy, No. 09-194, 2012 U.S. Dist. LEXIS 30264 (E.D. Pa. Feb. 10, 2012).

Kennedy's contention that those courts lacked knowledge of more recently discovered evidence is without merit. If

Kennedy wishes to challenge the judgment against him, he must do so in the court in which the judgment was obtained.

Because Kennedy is estopped from relitigating the validity of the Tennenbaum loan, any discovery related to that issue is irrelevant to the present action.  We will grant the motion of Tennenbaum for a protective order and deny the motion of Kennedy to compel discovery.